NEW YORK, L. E. & W. R. Co. *v.* BENNETT *et al.*

*(Circuit Court of Appeals, Sixth Circuit. October 6, 1891.)*

CIRCUIT COURT OF APPEALS—JURISDICTION.

Under Act Cong. March 3, 1891, § 2, "hereby creating" circuit courts of appeals, and joint resolution March 3, 1891, providing that the first meeting of the new court be held the third Tuesday of June, 1891, but allowing appeal to existing circuit courts until July 1st, an appeal taken to the new court June 24th will not be dismissed, the right having existed from the passage of the act.

Error from Circuit Court.

*Thomas H. Cooke*, for motion.

*Frank Spurlock*, opposing.

Before BROWN, Circuit Justice, JACKSON, Circuit Judge, and SAGE, District Judge.

BROWN, Circuit Justice, *(orally.)* In this case a motion was made to dismiss a writ of error, upon the ground that the writ of error was made returnable more than 30 days from the day of signing the citation, contrary to the provisions of the fourteenth rule; and upon the further ground that the judgment of the court below was rendered in April, and, under the law as it stood before the passage of the court of appeals act, was an unappealable judgment; and, as there was no court of appeals in existence at that time, it is claimed that this court has no jurisdiction of the case. In the course of the argument, however, it was intimated that counsel desired only a ruling upon the question of jurisdiction; and that if the court should hold that it had, or could have, jurisdiction of the case, they would waive the irregularity in the return of the writ.

There has been a general impression among the bar that this act did not take effect until July, excepting so far as holding the formal meeting of the court in June, and that no appeals could be taken before the 1st of July. Upon an examination of the act, however, we are of the opinion that it was designed to take effect immediately as to most of its provisions.

The second section of the act provides "that there is hereby created in each circuit a circuit court of appeals, which shall consist of three judges, of whom two shall constitute a quorum, and which shall be a court of record, with appellate jurisdiction." It says, "is hereby created." That certainly contemplates an immediate creation of the court.

Section 3 of the act provides "that the chief justice and the associate justices of the supreme court assigned to each circuit, and the circuit judges within each circuit, and the several district judges within each circuit, shall be competent to sit as judges of the circuit court of appeals within their respective circuits, in the manner hereinafter provided;" and then there are further provisions with regard to the manner of making up the court when the associate justice is not present, etc.

The third section contains, as a final clause, the following: "The first terms of said court shall be held on the second Monday in January,

eighteen hundred and ninety-one, and thereafter at such time as may be fixed by said courts." That became inoperative from the fact that the act was not passed until after that date, so that congress was obliged to change the date.

Section 4 provides "that no appeal, whether by writ of error or otherwise, shall hereafter be taken or allowed from any district court to the existing circuit courts, and no appellate jurisdiction shall hereafter be exercised or allowed by said existing circuit courts; but all appeals, by writ of error or otherwise, from said district courts shall only be subject to review in the supreme court of the United States, or in the circuit court of appeals hereby established."

Now, were it not for the joint resolution that was subsequently passed, it would be quite evident from this that no appeal could be taken in any case, after the passage of the act, to the supreme court of the United States, or to the existing circuit court. Indeed, the only modification really of the act, so far as its immediate effect is concerned, is contained in the joint resolution which was approved on the same day the act was passed, and which provides "that the first meeting of the several circuit courts of appeals mentioned in the act of congress passed at this present session, entitled ' An act to establish circuit courts of appeals, and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes,' shall be held on the third Tuesday in June, A. D. eighteen hundred and ninety-one." Now, there is nothing in that language that would prevent the president appointing the circuit judges the day after the act was passed, and nothing that would prevent the circuit court of appeals from taking cognizance of any case appealed after the passage of the act.

Then there is a further resolution,—a saving resolution, but not a prohibitory resolution,—"that nothing in the said act shall be held or construed in any wise to impair the jurisdiction of the supreme court, or any circuit court of the United States, in any case now pending before it, or in respect to any case wherein the writ of error or appeal shall have been sued out or taken to any of said courts before the first day of July, A. D. eighteen hundred and ninety-one."

We are of the opinion that, while the existing jurisdiction of the circuit courts and of the supreme court was preserved up to the 1st of July as to all appeals pending or taken before that time,—before that date, —there was also a right of appeal to this court from the time the act was passed; and, consequently, that the writ of error in this case, which was taken on the 24th day of June, was properly taken, and that the court has jurisdiction of the case.

The motion to dismiss is therefore denied.